UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM E. LOVING,<br>    Plaintiff,<br><br>    v.<br><br>MOHAMED H. ADAN and<br>GNC TRUCK SERVICES LLC,<br>    Defendant. | CAUSE NO.: 2:25-CV-566-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint [DE 12], filed January 14, 2026. Plaintiff filed a response on February 12, 2026, and on February 19, 2026, Defendants filed a reply.

**I.   Background**

On October 16, 2025, Plaintiff filed a Complaint in state court against Defendants for injuries arising out of automobile accident between the vehicle being driven by Plaintiff and a semi-trailer truck driving by Defendant Adan and owned by Defendant GNC Truck Services. Defendants removed the action to this Court on December 19, 2025.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.   Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts

1

alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**III.    Analysis**

Defendants move to dismiss two of Plaintiff's claims: Count III alleges that Defendant GNC Truck Services was negligent in its hiring, training, supervision, or retention of its drivers, thereby

breaching its duty owed to Plaintiff and the public, and Count IV alleges that GNC knew or should have known that Defendant Adan was unfit to operate the vehicle involved in the accident underlying the case. Defendants argue that the factual allegations in the Compliant are insufficient to demonstrate that GNC is liable for the misconduct alleged.

"Indiana recognizes the tort of negligent hiring and retention of an employee and has adopted Restatement [(Second) of Torts] § 317 as the standard in regard to such a claim." *Hudgins v. Bemish*, 64 N.E.3d 923, 933 (Ind. Ct. App. 2016). A successful claim for negligent hiring or retention requires the plaintiff to demonstrate that the employer hired or retained the employee in question despite the fact that the employer knew or should have known that the employee "was in the 'habit of misconducting [him]self in a manner dangerous to others.'" *Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 710 F. Supp. 2d 762, 772 (N.D. Ind. 2010), *aff'd*, 646 F.3d 487 (7th Cir. 2011) (quoting *Briggs v. Finley,* 631 N.E.2d 959, 967 (Ind. Ct. App. 1994)). Similarly, an injured third party has a cause of action for negligent entrustment against a person who entrusts a vehicle to someone who they know to be incompetent, irresponsible, or lacking the capacity to safely operate it. *Peterson v. Farrakhan*, No. 2:03-CV-319 PS, 2006 WL 1722362, at *7 (N.D. Ind. June 22, 2006) citing *Hardsaw v. Courtney,* 665 N.E.2d 603 (Ind.App.1996).

Defendants argue that Plaintiff has not alleged sufficient facts to support claims for negligent entrustment, hiring, training, supervision, or retention. Plaintiff argues that it does not yet have enough information about the employment arrangement between Defendants to include any additional facts at this stage, but that discovery will reveal the needed details. Federal Rule of Civil Procedure 8(a)(2)'s requirement for a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78. The complaint includes a description of the

accident in question, but no factual allegation that Adan had any habit of dangerous misconduct or unfitness to drive that GNC Trucking should have known about, and these claims must be dismissed. *See United States Steel Corp. v. Summit Inc.*, No. 2:24-CV-126-GSL-JEM, 2025 WL 2623235, at *5 (N.D. Ind. Sept. 11, 2025) (dismissing counts when "Plaintiff does not allege facts that plausibly suggest Defendants knew or should have known that they needed to exercise control over their employees to prevent their scheme").

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint [DE 12] and **ORDERS** that Counts III and IV of Plaintiff's Complaint are **dismissed without prejudice**.

SO ORDERED this 23rd day of February, 2026.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc:    All counsel of record